*1330 OPINION.
Lansdon:
The single issue to be determined in this proceeding is whether the petitioner was a personal service corporation during the first six months of its fiscal year ended June 30, 1922, the benefit of that classification having been specifically denied after December 81, 1921, by section 218(d) of the Revenue Act of 1921. The statutory definition of a personal service corporation is contained in section 200(5) of the Revenue Act of 1921, which reads in part as follows:
(5) The term “ personal service corporation ” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; * * *
In order to bring itself within the definition, petitioner must establish (1) that it is engaged in rendering personal service as distinguished from trading, merchandising or manufacturing; (2) that capital, whether invested or borrowed, is not a material income-producing factor; (3) that the principal stockholders are regularly engaged in the active conduct of the business; and (4) that the income may be ascribed primarily to the activities of the principal stockholders. Failure to meet any one of these qualifications is fatal to the claim for personal service classification.
The petitioner operates a school of dentistry, where students seek and are afforded instruction from an experienced and capable faculty. Only an insignificant amount of income is derived from the sale of books and supplies, the rental of caps and gowns, and interest paid by stockholders on notes for the balance of their subscriptions to stock.
*1331 During the period June 30, 1921, to December 31, 1921, the petitioner had 22 stockholders who held its 500 shares of outstanding stock. We have found that six of such stockholders, who held 33.2 per cent of the stock, were inactive in petitioner’s aifairs. The petitioner contends that one of such number, Barnwell, who held 75 shares of stock, was actively engaged in petitioner’s aifairs during the taxable period inasmuch as he was vice president, was influential in securing new students and attended the regular business meetings. We have heretofore held that a principal stockholder who renders no service to the corporation other than social in character, such as the cultivation of acquaintances for the purpose of inducing them to have business transactions with the corporation, is not regularly engaged in the active conduct of the aifairs of the corporation. Agenzia Fugazi, 3 B. T. A. 16; Joseph Emsheimer Insurance Agency, 1 B. T. A. 649; Boyd Tax Service Corporation, 1 B. T. A. 346.
We are of the opinion that the remaining 16 of petitioner’s stockholders, who held 68.8 per cent of the stock, do not constitute “ the principal owners or stockholders” within the meaning of.the Revenue Act, and that petitioner’s principal stockholders were not regularly engaged in the active conduct of its affairs.
We think petitioner fails to come within the fourth condition listed above, namely, that its income may be ascribed primarily to the activities of its principal stockholders. It employed 17 professors and instructors who were not stockholders, paying them salaries in the aggregate amount of $19,209.49 as compared with aggregate salaries paid to the 16 stockholder professors of $21,476.68. Petitioner’s other employees, who received salaries totaling $7,391.11, were clerks and stenographers and were incidental to the management. The 17 nonstockholder professors and instructors, however, were skilled employees and were responsible for the production of a large portion of petitioner’s income. They may not be described as incidental to petitioner’s management and their efforts in pro-’ ducing income may not be ascribed to the management. Cf. Metropolitan Business College v. Blair (C. C. A.), 24 Fed. (2d) 176, affirming 5 B. T. A. 10; Infant Incubator Co., 12 B. T. A. 449; Strayer's Business College, Inc., 10 B. T. A. 573; Crider Brothers Commission Co., 10 B. T. A. 338; Albrecht & Weaver, Inc., 9 B. T. A. 560.
The petitioner contends that, having been granted personal service classification for the preceding taxable years 1918, 1919, and 1920, when it operated substantially the same kind of a business under similar conditions, including the employment of substantially the same professors, it should be granted personal service classification in this proceeding. We do not agree with such contention. The *1332 granting of a special classification for one year does not of itself warrant the granting of that classification for a succeeding year. Enameled Metals Co., 14 B. T. A. 1392; Standards Rice Co., 13 B. T. A. 338.
Reviewed by the Board.

Decision will be entered for the respondent.

Trussell dissents.